UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KENNETH WHEELER** | **CIVIL ACTION NO. 3:16-CV-01758** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LA DEPT OF CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Kenneth Wheeler, DOC #108870, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on December 27, 2016. He is confined at the River Bend Detention Center (RBDC). He sues the Louisiana Department of Corrections and Ms. Helen, the Record Keeper for the Louisiana Department of Corrections, asking to have his credits recalculated, to be released, and to be compensated for every day over his release date he has spent incarcerated. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the complaint be DISMISSED WITH PREJUDICE.

### *Background*

Plaintiff asserts that on May 8, 2015, he was charged with possession of contraband in a penal institution, under Docket No. 84466. [See Rec. Doc. 1-1, p. 1] He was sentenced on May 26, 2016. [Rec. Doc. 1, p.3] Plaintiff claims that the DOC failed to include or calculate all credits since his arrest with the credits shown on his mater prison rap sheet. *Id.* Accordingly, he alleges that his release date and full term date are incorrect. *Id.*

*Law and Analysis*

1. ***Heck v. Humprey* Considerations**

Plaintiff is seeking monetary compensation: "that the DOC pays [him] for every day over [his] release date for failure to award [his] credit order by the sentencing Judge on 5-26-16." [Rec. Doc. 1, p. 4]

The United States Supreme Court held that, in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." *Heck v. Humphrey*, 512 U.S. 477, 486–487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck*, which involved a civil rights claim brought by a state prisoner, is also applicable to claims for injunctive relief that imply the invalidity of the conviction. *Kutzner v. Montgomery County*, 303 F.3d 339, 340–41 (5th Cir.2002). Further, the *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646–648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(deciding that a § 1983 civil rights action which claims necessarily imply the invalidity of a disciplinary action is not cognizable unless the disciplinary action has been reversed, expunged or otherwise invalidated).

As previously stated, plaintiff seeks monetary compensation for each day that he is wrongfully imprisoned following his "correct" release date. If the court were to grant plaintiff the

damages he seeks, such ruling would necessarily implicate the validity of the challenged administrative findings in this case. Accordingly, under *Heck*, plaintiff must demonstrate that his sentence has been reversed, invalidated, or expunged prior to bringing the instant action. Plaintiff has failed to make such a showing. Consequently, his claim for monetary damages is "legally frivolous" within the meaning of 28 U.S.C. § 1915. *See Hamilton v. Lyons*, 74 F.3d 99, 102–103 (5th Cir.1996).

    2.    ***Habeas Corpus Considerations***

Habeas Corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). In the present case, plaintiff seeks credit for time-served. Since the granting of this credit would result in the plaintiff receiving an accelerated release from incarceration, he must pursue any such request through a petition for habeas corpus relief.

In order for this court to construe this civil action as a petition for habeas relief, the plaintiff is required to have exhausted his available state remedies. *See Preiser*, 411 U.S. at 477. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988). In Louisiana, the highest court is the Louisiana Supreme Court. Therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a habeas corpus petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal

court.

A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments involving the plaintiff, and therefore, it is safe to conclude that he did not present the substance of his claims to Louisiana's highest court. Consequently, this complaint will not be construed as a petition for habeas corpus relief.

To the extent plaintiff has asserted a habeas corpus claim for the awarding of sentence credits, his claim should be dismissed from this § 1983 case, without prejudice. After plaintiff exhausts his state court remedies, and in the event he wishes to pursue a petition for habeas relief in this court, he may file such petition.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff may reassert his claim if and when he can meet the *Heck v. Humphrey* conditions.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall**

**bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana, January 18, 2017.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**